# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 09-20005-17-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| VINCENT RAY MAREZ, | ) | No. 12-2519-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On December 16, 2009, defendant entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 846. On March 18, 2010, the Court sentenced defendant to 120 months in prison. Defendant did not appeal. This matter is before the Court on defendant's <u>Motion Pursuant To Title 28 U.S.C. § 2255 Asking The District Court To Set Aside Or Vacate Movant's Guilty Plea Conviction Because Of Ineffective Assistance Of Counsel And To Grant Movant Equitable Tolling Based On Actual Innocence</u> (Doc. #1005) filed August 9, 2012. For reasons stated below, the Court overrules defendant's motion.

## Analysis

The government contends that defendant's motion is procedurally barred because it is untimely. Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[1] If defendant does not directly appeal his

---

[1] The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(continued...)

conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, the Clerk entered judgment on March 25, 2010. Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later on April 8, 2010. Therefore defendant had until April 8, 2011 to file a motion to vacate under Section 2255.

Defendant filed his Section 2255 motion on August 9, 2012, some 16 months after the statutory deadline. Liberally construed, defendant's motion, as supplemented by his reply, alleges that he did not knowingly and voluntarily enter into the plea agreement because his counsel, Robin D. Fowler, did not inform him of the proper calculation of drug quantity for purposes of determining the applicable statutory minimum.

Defendant asserts that he is entitled to equitable tolling of the statutory deadline because he is actually innocent. Under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (Antiterrorism and Effective Death Penalty Act statute of limitations subject to equitable tolling only in rare and exceptional circumstances such as when prisoner is "actually innocent").

---

[1](...continued)
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Actual innocence in this regard means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); see Sawyer v. Whitley, 505 U.S. 333, 339 (1992). To establish actual innocence, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see United States v. Starr, 275 Fed. Appx. 788, 789 (10th Cir. 2008); see also Bousley, 523 U.S. at 623 (applying Schlup standard to Section 2255 motion). To be credible, a claim of actual innocence ordinarily must be supported with new reliable evidence such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. See Schlup, 513 U.S. at 324. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful. Id. at 324.

Here, defendant asserts that his attorney allowed him to plead guilty to a conspiracy which involved 500 grams or more of a mixture or substance containing methamphetamine when in fact the presentence investigation report ("PSIR") held him accountable for only 376 grams of methamphetamine. Defendant does not allege or explain how he is factually innocent of the crime of conspiracy which is based on his agreement with others to commit the drug distribution offense. That agreement is "a distinct evil, which may exist and be punished whether or not the substantive crime ensues." United States v. Jimenez Recio, 537 U.S. 270, 274 (2003) (internal quotation marks and citations omitted); see United States v. McCullough, 457 F.3d 1150, 1162 (10th Cir. 2006) (essence of conspiracy is agreement to commit substantive offense). Defendant pled guilty to conspiracy and was "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. Under the conspiracy statute, the quantity of controlled substances which was the object of the conspiracy established the

applicable statutory minimum and maximum under Section 841(b)(1)(A). At the change of plea hearing, defendant admitted that the object of the conspiracy was to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. Whether defendant or his co-conspirators actually had an opportunity to commit the underlying offense is irrelevant for purposes of determining the statutory minimum and maximum.[2]

Although the statutory minimum is not determined by the actual amount of methamphetamine distributed, in the plea petition and at the plea colloquy, defendant conceded that during the time period he was a member of the conspiracy, he and other co-conspirators distributed "well in excess of 500 grams of methamphetamine." Petition To Enter Plea (Doc. #462) ¶ 5; see Plea Agreement Pursuant To Fed. R. Crim P. 11(c)(l)(C) ¶ 2 ("During the time period the defendant participated in the drug trafficking conspiracy, over 500 grams of methamphetamine was distributed."). The arguments in defendant's motion and reply brief repudiate his sworn statements in the plea petition and the change of plea colloquy. Absent a believable reason justifying departure from the apparent truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted, such statements are conclusively established. United States v. Glass, 66 Fed. Appx. 808,

---

[2] In contrast, the relevant conduct provision of the Guidelines, U.S.S.G. § 1B1.3, is not based on the quantity of drugs which was the object of the agreement. In the case of jointly undertaken criminal activity, relevant conduct under the Guidelines includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Such conduct, however, does not include the conduct of members of a conspiracy "prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." App. Note n.2. Another Application Note to the relevant conduct provision notes that the principles and limits of sentencing accountability under the guideline are not always the same as the principles and limits of criminal liability. See App. Note n.1; cf. United States v. Foxx, 544 F.3d 943, 953 (8th Cir. 2008) (for purposes of statutory minimum, drug quantities distributed by conspiracy can be "reasonably foreseeable," even if those quantities were distributed before defendant joined conspiracy).

810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218 (Table), 1997 WL 580493, at *1 (10th Cir. 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (defendant's declaration at Rule 11 hearing carries strong presumption of verity); United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) (judges need not let litigants contradict themselves so readily; motion that can succeed only if defendant committed perjury at plea proceedings may be rejected out of hand unless defendant has compelling explanation for contradiction).

Defendant refers to the PSIR statements about his personal involvement, but such evidence is not "new evidence" and does not establish the scope of the object of his agreement.[3] Defendant has not alleged or shown that in light of "new" evidence, more likely than not, a reasonable jury would not have convicted him. Because defendant has not presented credible new evidence of actual innocence, the Court overrules his Section 2255 motion as untimely.[4]

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing

---

[3] Defendant claims his PSR incorrectly calculated his relevant conduct and that his sentencing range was actually 78-97 months. The error is not material because defendant was subject to a mandatory minimum sentence of 120 months.

[4] Defendant alleges that counsel did not adequately explain conspiracy law. The Court need not address this argument to determine whether defendant has satisfied the actual innocence standard.

-5-

required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To Tile 28 U.S.C. § 2255 Asking District Court To Set Aside Or Vacate Movant's Guilty Plea Conviction Because Of Ineffective Assistance Of Counsel And To Grant Movant Equitable Tolling Based On Actual Innocence (Doc. #1005) filed August 9, 2012 be and hereby is **OVERRULED**. A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

---

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 28th day of June, 2013 at Kansas City, Kansas.

                                                         <u>s/ Kathryn H. Vratil</u>
                                                         KATHRYN H. VRATIL
                                                         United States District Judge